IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| QUEST NETTECH CORPORATION | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| LITTLE & KING CO., L.L.C. | § | |
| | § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Quest NetTech Corporation ("Quest") files its complaint against Defendant

Little & King Co., L.L.C. ("Defendant").

## I. PARTIES

1.      Plaintiff Quest is a Texas corporation with its principal place of business located at 19

Fortune Lane, Jericho, NY. 11753.

2.      Upon information and belief, Defendant is a limited liability company organized and

existing under the laws of the State of New York with its principal place of business located at

31 Merrick Avenue, Suite 150, Merrick, New York 11566. It may be served through its CEO

Karen McCarthy at its principal place of business.

## II. JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States, 35 U.S.C. §§1 *et seq*. This

Court has jurisdiction over this action in accordance with 28 U.S.C. §§1331 and 1338(a).

4.      Personal jurisdiction exists generally over Defendant because Defendant has sufficient

minimum contacts with the forum as a result of business conducted within the State of Texas and

within the Eastern District of Texas. Personal jurisdiction also exists specifically over Defendant

because it, directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells,

imports, advertises, makes available and/or markets one or more products and/or services within the State of Texas, and more particularly, within the Eastern District of Texas, that infringe the patent-in-suit, as described more particularly below.

5.      Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §1391(b) and (c) and §1400(b), because Defendant has committed acts of infringement in the Eastern District of Texas and has transacted business in the Eastern District of Texas.

### III. FACTS

6.      On October 7, 2008, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 5,508,731 C1 ("the '731 Patent") entitled, "GENERATION OF ENLARGED PARTICIPATORY BROADCAST AUDIENCE" to Henry Von Kohorn.   Quest is the owner by assignment of the '731 Patent. A true and correct copy of the '731 Patent is attached hereto as Exhibit "A."

7.      Quest is the owner of all rights, title, and interest in and to the '731 Patent. Quest possesses all rights to sue and recover for past and future infringement.

8.      The '731 Patent is valid and enforceable. Defendant has infringed, and continues to infringe, directly, contributorily, and/or through the inducement of others, the claimed systems, methods, and apparatuses of the '731 Patent through conducting, administering and implementing sweepstakes, contests, and game promotions.

9.      Defendant is aware of the '731 Patent, has knowledge of the infringing nature of Defendant's activities, but has nevertheless continued its infringing activities. Defendant's infringing activities have been and continue to be willful. Defendant was previously provided written and verbal notice of the '731 Patent, as well as Defendant's infringement of such patent.

10.     Quest has been damaged as a result of Defendant's infringing conduct. Defendant is, therefore, liable to Quest in an amount that adequately compensates Quest for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. §284.

## V. CAUSES OF ACTION

**Count 1—(Infringement of U.S. Patent No. 5,508,731 C1)**

11.     Quest realleges and incorporates by reference paragraphs 1-10 of this Complaint as if fully set forth herein.

12.     Defendant has been and now is directly infringing or indirectly infringing by way of inducing infringement and/or contributing to the infringement of one or more claims of the '731 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other things, conducting, administering and implementing sweepstakes, contests, and game promotions covered by one or more claims of the '731 Patent to the injury of Quest.

13.     Participants in Defendant's sweepstakes, contests, and game promotions directly infringe one or more claims of the '731 Patent. For example, participants of the "Supergirl by Nastia" Sweepstakes directly infringe claims 77 and 90 of the '731 Patent by putting into service, controlling and obtaining the benefit of their personal computers and the respective website to respond to survey questions, which responses are transmitted via the Internet and evaluated with respect to an online sweepstakes, in which the sweepstakes winner is selected at random and notified.

14.     Defendant infringes one or more claims of the '731 Patent, indirectly. For example, Defendant indirectly infringes claims 77 and 90 of the '731 Patent by inducing and/or contributing to direct infringement by participants of the "Supergirl by Nastia" Sweepstakes.

Defendant operates the online sweepstakes with knowledge of the '731 Patent, at least after being informed about the '731 Patent by Quest, knowing that said sweepstakes forms a component of one or more inventions claimed in the '731 Patent, instructing users in the operation of said sweepstakes and encouraging users to use the website with specific intent of inducing the users to put the website into use, benefitting the users, and infringing at least claims 77 and 90 of the '731 Patent, with said sweepstakes having no substantial non-infringing use.

15.    Defendant is liable for infringement of one or more claims of the '731 Patent pursuant to 35 U.S.C. § 271, either literally or under the Doctrine of Equivalents.

16.    Defendant's infringement of the '731 Patent was and continues to be willful and was with actual and/or constructive knowledge of the '731 Patent.

17.    As a result of Defendant's wrongful conduct, Quest has been damaged in an amount to be determined at trial but in no case less than a reasonable royalty.

## VII. REQUEST FOR JURY TRIAL

18.    Quest requests a jury trial on all issues for which a jury trial is permissible.

## VIII. PRAYER

19.    Quest prays Defendant be cited to appear and answer herein and that, upon a final hearing or trial, Quest recover judgment from Defendant as follows:

   a.  A judgment that Defendants (individually and collectively) have infringed one or more claims of the '731 Patent in violation of 35 U.S.C. §§ 271(a), (b), and (c);

   b.  A judgment that Defendant's infringement of the '731 Patent has been willful;

   c.  An award of damages, pursuant to 35 U.S.C. § 284, adequate to compensate Quest for Defendants' infringement of the '731 Patent, in an amount to be determined at trial, but in no event less than a reasonable royalty;

d.  An order, pursuant to 35 U.S.C. § 284, and based on Defendant's willful infringement of the '731 Patent enhancing all damages awarded to Quest by trebling such damages;

e.  An order, pursuant to 35 U.S.C. § 284, awarding to Quest interest on damages and its costs incurred in this action;

f.  An order, pursuant to 35 U.S.C. § 285, awarding to Quest its reasonable attorneys' fees incurred in this action; and

g.  Such other and further relief as this Court may deem just and proper.

Dated: July 18, 2014.                                   Respectfully submitted,


                                        __/s/ Deron R. Dacus_____
                                        DERON R. DACUS
                                        State Bar No. 00790553
                                        ddacus@dacusfirm.com
                                        SHANNON DACUS
                                        State Bar No. 00791004
                                        sdacus@dacusfirm.com
                                        PETE KERR
                                        State Bar No. 24076478
                                        pkerr@dacusfirm.com
                                        THE DACUS FIRM, P.C.
                                        821 ESE Loop 323, Suite 430
                                        Tyler, TX. 75701
                                        903/705-1117
                                        Fax - 903/581-2543

                                        *ATTORNEYS FOR PLAINTIFF QUEST*
                                        *NETTECH CORPORATION*